# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GLENDA PIPER, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) |
|     Defendant. | ) ) |

## COMPLAINT

COMES NOW Plaintiff, Glenda Piper, and for her claims and causes of action against Defendant, Prudential Insurance Company of America, states as follows:

### PARTIES

1. Glenda Piper ("Piper") is a resident and citizen of the State of Missouri.

2. Defendant Prudential Insurance Company of America ("Prudential") is an out-of-state insurance company authorized to do business in the State of Missouri. The Commissioner of the Missouri Department of Insurance is authorized to accept service of process on behalf of Prudential.

### JURISDICTION AND VENUE

3. Piper brings her claim pursuant to ERISA and 29 U.S.C. § 1001 *et seq.*

4. This dispute is governed by a welfare benefits plan and its policy documents, as well as applicable federal law regarding employer provided benefits. 29 U.S.C. § 1132(e)(1).

5. This Court also has subject matter jurisdiction pursuant to the general jurisdictional statute for civil actions arising under federal law. 28 U.S.C. § 1331.

6. Venue lies in the Western District of Missouri under 29 U.S.C. § 1332(e)(2), as the breach occurred in this district, and because the welfare benefits plan is administered in this district.

7. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to this action occurred within this judicial district.

## INFORMATION REGARDING TRIAL

8. No jury trial is allowed under ERISA law.

## STATEMENTS OF FACT

9. Piper worked for State Street as an Accounting Assistant/Specialist II.

10. Unfortunately, during Piper's employment, she became unable to perform the duties of her job due to a combination of physical conditions. Piper's last day of employment was on July 31, 2017.

11. Piper's physical issues arise from arthritis, carpal tunnel, Fuchs dystrophy, glaucoma and plantar fasciitis.

12. State Street sponsored a group long-term disability ("LTD") benefits plan ("Plan") for its participating employees.

13. The Plan constitutes employee welfare benefit plans as defined by 29 U.S.C. § 1002 (1).

14. The Plan offered disability benefits to qualifying State Street's employee Plan participants.

15. At all relevant times, Piper has been a participant and covered person under the terms of the Plan.

16. Prudential is the administrator of the Plan.

17. State Street delegated or attempted to delegate the function of issuing LTD claim determinations to Prudential.

18. State Street and Prudential entered into an administrative services contract through which State Street paid Prudential for acting as claims administrator.

19. On April 14, 2021, Piper's counsel requested Plan Documents, including applicable LTD policies, from State Street. In response, State Street produced an LTD Certificate, identifying Prudential as the insurer and claims administrator. Based on this information, Piper's counsel initiated an LTD claim over the phone.

20. On June 25, 2021, Prudential acknowledged Piper's claim in writing and requested information about Piper's claim. The request included blank forms.

21. On August 19, 2021, Piper provided Prudential with a total of 27 pages of documents. These documents included a completed and signed "Comprehensive Claimant Statement" and an SSD "Statement of Claimant," A Legal Representation Agreement, an "Adult Function Report," and a full list of Piper's health care providers and dates of treatment with each.

22. On September 2, 2021, Prudential issued a written denial of Piper's claim.

23. On September 3, 2021, Piper's counsel requested a full and complete copy of Piper's claim file and any other documentation Prudential considered, reviewed, or relied upon in determining Piper's LTD claim.

24. On September 22, 2021, Prudential sent Piper's counsel 65 pages of what it represented was Piper's complete claim file.

25. The claim file Prudential produced was grossly inadequate and incomplete. Prudential withheld documents from the claim file. Documents that were provided to Prudential by Piper were not contained in the documents Prudential produced.

26. The claim file produced on September 22, 2021 also did not include information about Piper's health care providers that had been supplied to Prudential.

27. On February 25, 2022, Counsel for Piper submitted a timely appeal of Prudential's denial of her LTD claim.

28. The Plan and Policy articulate the conditions under which a Plan Participant is entitled to LTD benefits.

29. It states:

> You are disabled when Prudential determines that:
> - you are unable to perform the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and
> - you are under the **regular care** of a **doctor**; and
> - you have a 20% or more loss in your **monthly earnings** due to that sickness or injury.

30. Piper was employed as an Account Specialist II at the time she became disabled and unable to work.

31. She has described the physical requirements of her occupation, in part, as follows:

> Describe this job. What did you do all day? *(If you need more space, write in the "Remarks" section.)*
> I had to keep office supplies updated/ordered and put away in supply room. I also had to keep the copier supplied with paper. I would go through the outgoing mail to make sure all requirements were met on the paperwork being sent out. If any questions, I would take it back to the person who created it for changes. I would put mail in correct envelopes and

32. Piper was frequently required to rise from her seated position and walk and stand to complete a variety of office tasks.

4

33. Piper's occupation involved a significant amount of computer and paperwork, requiring visual acuity and visual stamina.

34. Piper provided sufficient proof of her loss, including but not limited to medical and hospital records, pharmacy records, fully executed claim forms, and authorizations enabling Prudential to obtain without restriction her medical records and employment records.

35. The sole basis for Prudential's denial is that it did not believe any evidence existed to support a conclusion that Piper became "disabled" while still employed with State Street, or before July 31, 2017.

36. During its "investigation" of Piper's claim, Prudential did not request a single record from any of the several health care providers Piper identified to Prudential before it denied her claim. Had it done so, it would have received evidence directly contradicting the stated basis for its denial – the lack of pre-July 31, 2017 medical evidence.

37. Piper has at all relevant times met the definition of "Disability or Disabled" under the Plan and is entitled to benefits.

38. Piper has exhausted her administrative remedies.

CAUSES OF ACTION

COUNT I
29 U.S.C. § 1132(a)(1)(B) – WRONGFUL DENIAL OF BENEFITS

39. Piper realleges the preceding paragraphs as if fully set forth herein.

40. Piper is entitled to all unpaid and accrued LTD benefits, as Prudential:

   a. Made an unfavorable decision without substantial evidence;

     b. Failed to properly consider Piper's medical impairments and resulting limitations; and

     c. Issued an unfavorable decision that was arbitrary and capricious.

41. Pursuant to 29 U.S.C. § 1132(a)(1)(b), Piper is entitled to an award of actual damages for losses suffered.

42. Pursuant to 29 U.S.C. § 1132(g), judgment may include compensation for a beneficiary's attorney's fees, costs, and prejudgment interest.

43. Prudential has not satisfied its obligation to pay Piper's LTD benefits.

44. WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g), Piper prays for judgment against Prudential for unpaid LTD benefits, attorney's fees, costs, and prejudgment interest.

## COUNT II
## 29 U.S.C. § 1132(a)(3) – BREACH OF FIDUCIARY DUTY

45. Piper realleges the preceding paragraphs as if fully set forth herein.

46. Under 29 U.S.C. § 1002(21)(A), a fiduciary is one who:

> "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property or such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."

47. 29 U.S.C. § 1104(a)(1)(A) describes the fiduciary standard of care:

> "a fiduciary shall discharge her duties with respect to a plan solely in the interest of the participants and beneficiaries and – for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

48. Prudential, the Plan's designated claims administrator, is a fiduciary.

49. Piper participated in and benefitted from the Plan as previously indicated.

50. Prudential's claims management practices are motivated by financial incentives in its administrative services agreement with State Street.

51. As the payor of benefits and the entity responsible for exercising discretion in claims administration, Prudential operates under an inherent conflict of interest.

52. A higher than marketplace quality standard, as set forth in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 (2008) governs the actions of a fiduciary.

53. Prudential breached its fiduciary duty in:

    a. Failing to comply with its internal guidelines and claims handling procedures. Its claim handlers did not comply with documented instructions involving the administration of disability claims, including its procedures involving coverage and eligibility determinations;

    b. Engaging in a structural conflict of interest by assuming the role of both claims administrator and payor of benefits;

    c. Failing to produce to Piper a full and complete copy of her claim file and/or any other documents relevant to the denial of her claim; and

    d. Refusing to utilize fully executed authorizations to attempt to obtain evidence relevant to Piper's claim for benefits;

54. Prudential denied Piper's LTD benefits for the purpose of elevating its financial interests. In doing so, it breached its fiduciary duties.

55. Prudential failed to discharge its duties solely in the interests of its participants and beneficiaries. It acted with both a conflict of interest and breached its fiduciary duty to both Piper and the Plan's participants and beneficiaries generally.

56. Prudential's improper conduct demonstrates that ordinary relief under § 1132(a)(1)(B) is not an adequate remedy.

57. Prudential's violations of regulations alone allow Piper the right to pursue any remedy under Section 502(a) of ERISA, including § 1132(a)(3). 29 C.F.R. § 2560.503-1(1)(2)(i).

58. Prudential's violations of federal regulation also subject its decision to *de novo* review.

59. WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(3), § 1109, and § 1132(a)(2), Piper prays for an order that Prudential retrain its employees consistent with ERISA fiduciary obligations and federal regulations; for reformation of its services agreement with the plan administrator consistent with ERISA fiduciary obligations and federal regulations; for an injunction preventing further unlawful acts by Prudential in its fiduciary capacity; for an equitable accounting of benefits that Prudential has withheld; for the disgorgement of profits enjoyed by Prudential in withholding benefits; for restitution under a theory of surcharge; for the Court's imposition of a constructive trust; for an award of attorney fees; and for further relief as the Court deems just.

Respectfully submitted,

BURNETTDRISKILL, Attorneys

By: /s/ Derrick A. Pearce
Derrick A. Pearce, Mo. # 42793
Kyle H. Sciolaro, Mo. #64568
103 W 26th Ave., Ste. 290
North Kansas City, MO  64116
P: 816.781.4836
F: 816.792.3634
dpearce@burnettdriskill.com
ksciolaro@burnettdriskill.com
ATTORNEYS FOR PLAINTIFF